```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
GLOCESTER COUNTRY CLUB              )
                                    )
     Plaintiff,                     )
                                    )
         v.                         )   C.A. No. 20-184 WES
                                    )
SCOTTSDALE INDEMNITY COMPANY,       )
d/b/a NATIONWIDE,                   )
                                    )
     Defendant.                     )
_____ )
```

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion to Sever and Stay, ECF No. 12. For the reasons that follow, the Motion is GRANTED IN PART and DENIED IN PART.

I. Background

In April 2018, an above-ground storage tank leaked gasoline onto the property of Plaintiff Glocester Country Club and one of its neighbors. See Am. Compl. ¶¶ 5-7, ECF No. 6. Plaintiff notified its insurer, Defendant Scottsdale Indemnity Company, and demanded that Defendant cover the loss. See id. at ¶¶ 15, 17. Defendant denied coverage. Id. at ¶ 18. Plaintiff filed suit in the Rhode Island Superior Court, seeking a declaratory judgment that Defendant breached the contract (Count I) and five counts for damages: breach of contract (Count II), common law bad faith (Count III), breach of the duty of good faith and fair dealing (Count IV), statutory bad faith under Rhode Island General Laws §

9-1-33 (Count V), and unfair trade practices under Rhode Island General Laws § 6-13.1-1 (Count VI). See generally Compl., ECF No. 1-1. Defendant removed the action to this Court. See Notice of Removal, ECF No. 1.

II. Discussion

Defendant has filed a Motion to Sever and Stay Discovery of Plaintiff's Bad Faith Claims, ECF No. 12. As Plaintiff notes, the Motion is brought under Rule 42(b) of the Federal Rules of Civil Procedure, which allows courts to separate claims, not sever them. See Pl.'s Opp'n 4, ECF No. 13 (citing Wai Feng Trading Co. v. Quick Fitting, Inc., No. CA 13-033 S, 2014 WL 4199174, at *8 (D.R.I. Aug. 22, 2014)). As such, the Court will treat Defendant's Motion as one to bifurcate the two groups of claims and stay discovery for the bad faith claims (Count III through VI) until the breach of contract claims (Counts I and II) have been resolved.

"For convenience, to avoid prejudice, or to expedite and economize, the [C]ourt may order a separate trial of one or more separate issues [or] claims . . . ." Fed. R. Civ. P. 42(b). Because "a bad faith action does not exist until the plaintiff first establishes a breach of contract[,]" bad faith claims often lend themselves well to separation and stay of discovery. Wolf v. Geico Ins. Co., 682 F. Supp. 2d 197, 198 (D.R.I. 2010) (citing Lamoureaux v. Merrimack Mut. Fire Ins. Co., 751 A.2d 1290, 1293 (R.I.2000)).

To determine whether bifurcation and stay of discovery are appropriate, this Court will "'weigh[] the risk of prejudice to the defendant . . . against the possible efficiency to be gained' by not staying discovery." Bank of Rhode Island v. Progressive Cas. Ins. Co., 293 F.R.D. 105, 106 (D.R.I. 2013) (quoting Wolf, 682 F. Supp. 2d at 201). On the one hand, "discovery on bad faith exposes insurers' work-product protected or privileged materials to disclosure[,]" which may prejudice Defendant if Plaintiff fails to prove a breach of contract. Wolf, 682 F. Supp. 2d at 199. On the other hand, simultaneous discovery "avoids discovery disputes over which documents pertain to the contract claim and which relate to the bad faith claim[,] eliminates duplicative discovery should [Plaintiff] establish a contract claim[,]" and allows for expeditious trials assuming Plaintiff's success regarding breach of contract. Id. (citations and quotations omitted).

This question largely turns on "how much the subject matter of discovery on the bad faith and contract claims will overlap." Id. at 200. Defendant argues that the Venn diagram here contains little, if any, overlap. See Mot. to Sever 4-8. For example, Defendant points to a document request that seeks all "documents, manuals (claims, training, operations and the like), guidelines, policies and procedures . . . used for claims handling that relate to investigating coverage . . . ." Id. (citing Mot. to Sever Ex.

3

B).  In response, Plaintiff states that "there is significant overlapping discovery" but provides no examples or argument to support that statement.  See Pl.'s Opp'n 1.  The Court agrees with Defendant:  the contract claims turn on the insurance agreement between the parties and the facts of the gasoline leak, not Defendant's investigation.  Thus, many of the document requests and interrogatories are relevant only to the bad faith claims.

Moreover, disclosures related to Defendant's internal processes entail at least some risk of prejudice to Defendant. See Skaling v. Aetna Ins. Co., 799 A.2d 997, 1010 (R.I. 2002). Because the two categories of discovery are so distinct, the Court concludes that the bad faith claims should be bifurcated and discovery relating to those claims should be stayed.

However, Plaintiff correctly notes that Defendant's arguments based on privilege and work product are underdeveloped and conclusory, thereby diminishing the potential prejudice.  See Pl.'s Opp'n 5-8; Mot. to Sever 5-7.  For reasons of judicial economy, if any witnesses have knowledge relevant to both the breach of contract claims and the bad faith claims, the parties may cover both sets of issues in the witnesses' depositions during the first round of discovery.  See Wolf, 682 F. Supp. 2d at 202 ("The Court may allow early discovery on some, but not all, of the bad faith issues presented by a case, always keeping in mind whether doing so promotes judicial economy.").

4

IV.  Conclusion

For the reasons stated herein, Defendant's Motion to Sever and Stay, ECF No. 12, treated as a motion to separate claims for trial and stay discovery, is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date:  November 25, 2020